FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRAHAM SHERRILL,<br><br>Plaintiff,<br><br>v.<br><br>SGT. PATRICK STRAND, and UNKNOWN NAMED OFFICIALS (to be discovered by Discovery),<br><br>Defendants. | NO: 2:21-CV-00244-RMP<br><br>ORDER DISMISSING ACTION WITH PREJUDICE<br><br>1915(g) |

Before the Court are Plaintiff Graham Sherrill's Second Amended Complaint received on January 27, 2022, ECF No. 21, and a letter dated January 7, 2022, asserting "no good means or success still and continuing to access the legal library, And E-filing having to find alternative ways. Not sure if successfully going through." ECF No. 19 at 1 (as written in original). Both documents were mailed to the Court. Plaintiff has been reminded of his obligation to participate in the Prison E-filing Program. ECF No. 20. Plaintiff, a prisoner at the Airway

ORDER DISMISSING ACTION WITH PREJUDICE -- 1

1   Heights Corrections Center ("AHCC") is proceeding *pro se* and *in forma pauperis*.

2   Defendants have not been served.

3   Plaintiff asserts in his January 7, 2022, letter that he is "being denied and

4   hindered priority access, needing to do research & legal work having active cases."

5   ECF No. 19 at 1. Plaintiff does not identify what he was unable to research

6   regarding this case that hindered his access to this Court. Indeed, Plaintiff timely

7   filed a Second Amended Complaint, albeit via the mail. Furthermore, it appears

8   from his submission that he was granted priority access to the law library on

9   December 14, 2021. ECF No. 19 at 3 (as written in original). There are no unmet

10  deadlines in this case and any construed request for an extension of time to file a

11  Second Amended Complaint must be denied as moot.

12  Liberally construing the Second Amended Complaint in the light most

13  favorable to Plaintiff, the Court finds that it does not cure the deficiencies of prior

14  complaints. The Court cautioned Plaintiff that if he chose to amend and the Court

15  found that the Second Amended Complaint failed to state a claim upon which

16  relief may be granted, that it would be dismissed pursuant to 28 U.S.C. §§

17  1915(e)(2) and 1915A(b)(1). ECF No. 18 at 7. For the reasons set forth below, the

18  Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon

19  which relief may be granted.

20                          **PLAINTIFF'S ALLEGATIONS**

21  Plaintiff asserts that he is seeking injunctive and declaratory relief as well as

ORDER DISMISSING ACTION WITH PREJUDICE -- 2

punitive damages. ECF No. 21 at 1. He claims that Defendant Sgt. Strand erroneously claimed that Plaintiff submitted two grievances for the same claim in September 2021, apparently involving law library access. *Id.* at 3. This allegation post-dates the filing of the initial action on August 13, 2021.

Plaintiff contends that his second grievance "is a violation of 1st Amendment denial of Access to the courts," apparently because Defendant Strand requested a "rewrite," and labeled it a "repeat concern." *Id.* Plaintiff states that he received a "notification of abuse of quantity" on November 23, 2021, by which the Court infers that he was notified that he had exceeded the number of grievances he could maintain during a given period of time. *Id.* at 3 (as written in original). Plaintiff indicates that when he wrote to the Grievance Program Manager, who is not named as a Defendant to this action, she noted on an unspecified date that his "concerns were valid." *Id.* at 4.

Plaintiff states that he wrote another grievance on October 15, 2021, regarding "callouts and requests" and "Defendant (1) Strand, and (2) unknown Arbitrarily denied Grievances and Access to the courts, A first Amendment violation. And which poses a cruel and unusual punishment violation of the Eighth Amendment. Because, only through the courts may relief be Granted, when Defendant[s] Act in Bad faith in violation of civil Rights." *Id.* at 4 (as written in original). Plaintiff does not support his contentions with facts.

/ / /

ORDER DISMISSING ACTION WITH PREJUDICE -- 3

1    Plaintiff asserts that Defendant Sgt. Strand "intentionally and cruelly punish[ed] plaintiff for filing Grievances Against prison officials (Including Strand) in violation of the "non Retaliation Standard" in Direct violation of the Eighth Amendment." *Id.* at 5. Although granted the opportunity to do so, Plaintiff again fails to support his conclusory assertions with facts.

    Plaintiff contends that Defendant No. 2 is a grievance official at the AHCC who "remains in secret, unwilling to comply with production Requests to their name." ECF No. 21 at 6. Although Plaintiff claims this person violated his "first Amendment Right of Access to courts in Deliberate Indifference to plaintiff's civil Right and statutorial [sic] rights; Federal and state statutes, Regulations & policies," Plaintiff presents no facts to support these conclusory assertions. *Id.*

    Plaintiff states that after filing this and other actions in this Court, he requested "priority" access to the law library. ECF No. 21 at 7. He states that he was told that he would be "placed on callout," but he was not on the list when it was issued. *Id.* He asserts that "further Requests met with similar denials." The Court is unable to infer from these assertions against unidentified persons that Plaintiff was denied access to the Courts.

    Plaintiff states that he was given "Rules" infraction for "Abuse of process. Despite that Each denial is A separate Action of a civil Rights denial, which would be Allowable. This subsequent punishment, served as violation of (1) Due Process Guarantee; (2) Right of Access to the Courts; (3) posed cruel & unusual

ORDER DISMISSING ACTION WITH PREJUDICE -- 4

punishment for the Exercise of a constitutionally protected Right." ECF No. 21 at 7 (as written in original).

**GRIEVANCES**

The manner in which a grievance is processed is not a constitutional deprivation. Prisoners lack a constitutional right to a specific grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional right.

The failure of prison officials to entertain a prisoner's administrative grievance does not violate his or her constitutional rights because the right to petition the government is the right of access to the courts, not the administrative process. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) ("The right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials."). Here, Plaintiff is challenging the fact that Defendant Sgt. Patrick Strand, the Grievance Coordinator told him to "rewrite" grievances, labeled some greivances "repeat concerns" and denied grievances. ECF No. 21 at 3–5. These assertions regarding the processing of his grievances do not state a due process claim upon which relief may be granted.

ORDER DISMISSING ACTION WITH PREJUDICE -- 5

## ACCESS TO THE COURTS

Under the First and Fourteenth Amendments to the United States Constitution, state prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right of access is limited to complaints in direct criminal appeals, habeas petitions, and civil rights actions. *Id*. at 354; *Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1159–60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim.").

To establish the denial of meaningful access to the courts, a plaintiff must show that he or she suffered an "actual injury" as a result of the defendants' actions. *See Lewis v. Casey*, 518 U.S. 343, 351–52 (1996) (stating that an inmate bringing an access to the courts claim must establish that he or she has suffered an "actual injury"); *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994) (holding that an inmate must establish he or she has suffered an "actual injury" where he or she alleges that he or she was denied reasonable access to the law library). Further, "*Bounds* [*v. Smith,* 430 U.S. 817, 823 (1977)] 'guarantee[d] no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009) (*quoting Lewis*, 518 U.S. at 356).

"Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply

ORDER DISMISSING ACTION WITH PREJUDICE -- 6

1  by establishing that his prison's law library or legal assistance program is subpar in

2  some theoretical sense." *Lewis*, 518 U.S. at 351.  "[A]n inmate must show that

3  official acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal

4  claim.'" *Phillips*, 588 F.3d at 655 (*citing Lewis*, 518 U.S. at 351).

5      Plaintiff has presented no facts from which the Court could infer that he has

6  suffered an actual injury to "contemplated or existing litigation, such as the inability

7  to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.  Plaintiff

8  does not explain why access to a law library would assist in attempting to cure the

9  factual deficiencies identified in his complaint(s), especially when the Court

10 provided him with the legal standards. Plaintiff has failed to state an access to court

11 claim upon which relief may be granted.

12 **EIGHTH AMENDMENT**

13      Apart from his conclusory assertions of "deliberate indifference," Plaintiff

14 has presented no facts from which the Court could infer that identified Defendants

15 acted with deliberate indifference to plaintiff's health or safety. *Farmer v. Brennan*,

16 511 U.S. 825, 835 (1994).  Deliberate indifference exists when the prison official

17 "acted or failed to act despite his knowledge of a substantial risk of serious harm."

18 *Id*. at 842.  Negligence is not actionable under section 1983. *Davidson v. Cannon*,

19 474 U.S. 344, 347–48 (1986).  Although granted the opportunity to amend,

20 Plaintiff has failed to state an Eighth Amendment claim upon which relief may be

21 granted.

ORDER DISMISSING ACTION WITH PREJUDICE -- 7

## POLICY AND STATE LAW VIOLATIONS

Plaintiff broadly asserts that "Defendants violate state statutes, regulations and policies." ECF No. 21 at 8. He further asserts that his "claims of conspiracy are Established under 18 USC § 241; 42 USC § 1985 & § 1986," and cause him to experience "severe depression, anxiety, weight loss, sleeplessness, thoughts & actions of self harm, cutting, suicidiaty [six] and apathy." *Id.* Despite these alleged harms, Plaintiff presents no facts from which the Court could infer that he has expressed intentions of self-harm and has not been treated.

Regardless, the failure to comply with a stated prison policy is not a *per se* violation of a clearly established constitutional right. *See Davis v. Sherer*, 468 U.S. 183, 193–95 (1984); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009). Furthermore, "[u]nless there is a breach of constitutional rights, . . . § 1983 does not provide redress in federal court for violations of state law." *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (alteration in original) (citation omitted).

Plaintiff is advised that 18 U.S.C. §§ 241 and 242 are criminal or jurisdictional statutes that provide no private right of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Only a federal grand jury or United States attorney may initiate such criminal charges. Accordingly, any claims under 18 U.S.C. §§ 241 and 242 would be subject to dismissal.

/ / /

ORDER DISMISSING ACTION WITH PREJUDICE -- 8

To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. *Gillispie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). Restraint must be exercised in extending section 1985(3) beyond racial prejudice. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (citation omitted).

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. *Id.; Sanchez v. City of Santa Anna*, 936 F.2d 1027, 1039 (9th Cir. 1991).

Here, Plaintiff does not state how any defendants conspired together to deny Plaintiff his rights. In addition, there are no facts alleged that defendants acted with a racial or class-based discriminatory animus. Accordingly, Plaintiff fails to state a claim of conspiracy under § 1985. Because an action under 42 U.S.C. § 1986 is

ORDER DISMISSING ACTION WITH PREJUDICE -- 9

valid only where there is a valid § 1985(3) claim, Plaintiff's § 1986 claim is also subject to dismissal. *See Karim-Panahi*, 839 F.2d at 626.

## RETALIATION

Plaintiff states that when he "'grieved' the matters, he was Retaliated Against in violation of his first Amendment Rights, and 8th Amendment prohibition Against, cruel & unusual punishments." ECF No. 21 at 9. These conclusory assertions do not state a cognizable retaliation claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal," *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). To the extent Plaintiff claims that he was "punished" for filing grievances, he did not support this conclusory assertion with any facts.

Clearly, regulating the volume of grievances so that a single prisoner does not abuse the process would reasonably advance legitimate correctional goals of maintaining order and discipline. In any event, it appears that Plaintiff obtained some type of recourse at headquarters when the Grievance Program Manager, who is not named as a Defendant to this action, noted on an unspecified date that Plaintiff's

ORDER DISMISSING ACTION WITH PREJUDICE -- 10

"concerns were valid." *Id.* at 4. Plaintiff's allegations fail to state a plausible claim of retaliation.

Furthermore, claims of retaliation in connection with prison disciplinary proceedings would necessarily imply the invalidity of those proceedings, and are not cognizable under section 1983, absent a showing that the disciplinary action has been previously invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *see Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (applying *Balisok* to dismiss action in which a prisoner sought relief based on allegations that prison officials relied on false information to find him ineligible for parole). Plaintiff does not make this showing. Therefore, his claims of unspecified retaliatory punishments are precluded because a finding in Plaintiff's favor on such claims would render any disciplinary actions taken against him invalid. Plaintiff has failed to state a retaliation claim upon which relief may be granted.

Although granted the opportunity to do so, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g) a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g).  **Plaintiff is advised to read the statutory provisions of 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims *in forma pauperis*.**

**IT IS SO ORDERED.**  The District Court Clerk is directed to enter this Order, enter Judgment, provide copies to Plaintiff, and **CLOSE** the file.  The District Court Clerk is further directed to provide a copy of this Order to the Office of the Attorney General of Washington, Corrections Division.  The Court certifies that any appeal of this dismissal would not be taken in good faith.

**DATED** February 2, 2022.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DISMISSING ACTION WITH PREJUDICE -- 12